IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

CHASE INSURANCE LIFE AND ANNUITY COMPANY,
2500 Westfield Road
Elgin, Illinois 60123

Plaintiff,

v.

BONNIE MCNAMARA,
IN HER INDIVIDUAL CAPACITY AND AS CO-EXECUTOR OF THE ESTATE OF VINCENT J. MCNAMARA
15 Painter Road
Westerly, Rhode Island 02891

MACKENZIE MCNAMARA
15 Painter Road
Westerly, Rhode Island 02891

MIKAELA MCNAMARA
15 Painter Road
Westerly, Rhode Island 02891

and

ROBERT R. MCINTYRE, JR.
c/o Roberts Chemical Company
1 Virginia Avenue
Providence, Rhode Island 02905

Defendants.

CA 06 72 ML

Case No.:

* * * * * * * * * * * * * *

COMPLAINT FOR INTERPLEADER

Plaintiff, Chase Insurance Life and Annuity Company ("Chase"), files this complaint for interpleader against defendants Bonnie McNamara, in her individual capacity and as co-executor

of the estate of Vincent J. McNamara, Mackenzie McNamara, Mikaela McNamara, and Robert R. McIntyre, Jr. The grounds for the complaint are as follows:

Introduction

1. This is an action for interpleader, arising under Rule 22 of the Federal Rules of Civil Procedure, involving adverse claims to the proceeds of a life insurance policy.

2. Chase is a disinterested stakeholder and files this action solely to avoid vexatious litigation due to competing claims to the proceeds.

The Parties

3. Chase is a corporation organized under the laws of the State of Illinois and has its principal place of business in Illinois. Chase, therefore, is a citizen of the State of Illinois.

4. Bonnie McNamara is a resident and citizen of the State of Rhode Island.

5. Mackenzie McNamara is a resident and citizen of the State of Rhode Island.

6. Mikaela McNamara is a resident and citizen of the State of Rhode Island.

7. Robert R. McIntyre, Jr. is a resident and citizen of the State of Rhode Island.

Jurisdiction and Venue

8. This Court may exercise jurisdiction over this matter pursuant to 28 U.S.C. § 1332 based on the diversity of citizenship between Chase and the defendants and the fact that the amount in controversy exceeds $75,000, exclusive of interest and costs.

9. Venue in this Court is appropriate pursuant to 28 U.S.C. § 1391(a).

Factual Allegations

10. On or about June 25, 1993, Federal Kemper Life Assurance Company ("Federal Kemper") issued term life insurance policy number FK2162488, insuring the life of Vincent J. McNamara.

11. At the time of issuance, policy number FK2162488 had a face value of $500,000, and Roberts Industrial Supply, Inc. was the policy's owner and beneficiary.

12. In or about January 1998, pursuant to the request of Robert R. McIntyre, Jr. and Paul R. McIntyre, president and vice-president, respectively, of Roberts Industrial Supply, Federal Kemper split policy number FK2162488 into two term policies, each with a $250,000 face value.

13. Following the split of policy number FK2162488, one policy retained policy number FK2162488, and the other policy received policy number FK2477059.

14. Also in or about January 1998, and at the McIntyres' request, Robert R. McIntyre, Jr. became the owner and beneficiary of policy number FK2162488, and Paul R. McIntyre became the owner and beneficiary of policy number FK2477059.

15. On or about June 25, 2003, at the request of Robert R. McIntyre, Jr., Federal Kemper converted policy number FK2162488 to policy number FK5233606, as a universal life insurance policy, and, at the request of Paul McIntyre, converted policy number FK2477059 to policy number FK5228122, also as a universal life insurance policy.

16. As a result of the conversions, Robert R. McIntyre, Jr. became the owner and beneficiary of policy number FK5233606, and Paul R. McIntyre became the owner and beneficiary of policy number FK5228122.

17. Subsequent to issuance of policy number FK5233606 and policy number FK5228122, Federal Kemper changed its name to Chase. Chase assumed the insurance obligations of Federal Kemper under those policies.

18. In or about June 2005, Chase received a service request form signed by Paul R. McIntyre and Bonnie McNamara, Vincent J. McNamara's wife, and identifying Bonnie

McNamara as the new owner and primary beneficiary of policy number FK5228122 and Mackenzie and Mikaela McNamara as the policy's contingent beneficiaries.

19. On or about June 27, 2005, Chase advised Bonnie McNamara that she was the new owner and primary beneficiary of policy number FK5228122 and that Mackenzie and Mikaela McNamara were the policy's contingent beneficiaries.

20. On or about November 3, 2005, Chase received notice of Vincent J. McNamara's death.

21. Chase does not dispute that the proceeds of policy number FK5228122 are due, and Chase has issued a check payable to Bonnie McNamara in the full amount of the proceeds of that policy.

22. Chase also does not dispute that the proceeds of policy number FK5233606 are due and payable, but Chase is uncertain as to the identity of the party(ies) entitled to receipt of those proceeds.

23. Chase's records indicate Robert R. McIntyre, Jr. is the owner and beneficiary of policy number FK5233606.

24. On or about November 25, 2005, Chase received a letter from counsel for Bonnie, Mackenzie, and Mikaela McNamara (the "November 25, 2005 letter"). The letter from counsel enclosed a service request form, signed by Robert R. McIntyre, Jr. on November 24, 2004, and by Vincent J. McNamara on March 1, 2005, purporting to convey ownership of policy number FK5228122 to Vincent J. McNamara. The letter also enclosed a service request form, signed by Vincent J. McNamara on March 2, 2005, purporting to designate Mackenzie and Mikaela McNamara as beneficiaries of policy number FK5228122. Finally, the letter asserted the service

request forms signed by Vincent J. McNamara and Robert R. McIntyre, Jr. should have identified policy number FK5233606.

25. On or about December 16, 2005, Bonnie McNamara, in her individual capacity, as co-executor of Vincent J. McNamara's estate, and on behalf of Mackenzie McNamara, and Mikaela McNamara filed a complaint against Robert R. McIntyre, Jr., Chase, and Roberts Chemical Company, Inc., in the Rhode Island Superior Court for Washington County (Civil Action No. WC-2005-0748).

26. The plaintiffs in Case ID No. WC-2005-0748 allege, among other things: (i) Vincent J. McNamara had been a partner at Roberts Chemical Company, that he received ownership of policy number FK5233606 upon the severance of his relationship with Roberts Chemical Company in December 2004, and that he had possession of that policy at the time of his death; (ii) Policy number FK5233606 inaccurately reflects that Robert R. McIntyre, Jr. is the policy's owner and beneficiary; and (iii) Vincent J. McNamara intended that Mackenzie and Mikaela McNamara be the beneficiaries of policy number FK5233606 but lacked capacity to change the policy to reflect his intention before his death.

27. Also on December 16, 2005, the plaintiffs in Case ID No. WC-2005-0748 filed a motion for temporary restraining order, seeking to prevent Chase from distributing the proceeds of policy number FK5233606 to Robert R. McIntyre, Jr. and/or Roberts Chemical Company (the "State Court action").

28. Although the state court, on December 16, 2005, granted a motion for temporary restraining order prohibiting payment of the proceeds of policy no. FK5233606, per operation of Rhode Island Superior Court Rule of Civil Procedure 65, that order expired ten days later, on December 26, 2005.

29. Although the plaintiff's attorney notified Chase of his intent to institute the State Court action, Chase has never been formally served with a summons, a complaint, or the order entered in Case ID No. WC-2005-0748.

30. Neither Robert R. McIntyre, Jr. nor Roberts Chemical Company has responded to the complaint filed in Case ID No. WC-2005-0748.

<u>COUNT I</u>
(Declaratory and Injunctive Relief)

31. Chase incorporates the allegations contained in paragraphs 1 to 30 as if fully stated herein.

32. Chase is in great doubt as to which of the defendants in this action is/are entitled to the proceeds of policy number FK5233606 due to the conflict between (1) Chase's records concerning policy number FK5233606, and (2) the allegations in Case ID No. WC-2005-0748 and the November 25, 2005 letter.

33. A just and expeditious determination of the lawful beneficiary(ies) of policy number FK5233606 requires that all individuals named as defendants in this action be ordered to interplead and litigate their claims, if any, to the policy proceeds.

34. Chase is ready, willing, and able to deposit the amount of the proceeds of policy number FK5233606, $250,000, into the Court's registry upon the issuance of an order granting Chase's motion for leave to deposit into the Registry of the Court.

WHEREFORE, Chase Insurance Life and Annuity Company requests:

A. The Court order all defendants to interplead as to their respective rights to the proceeds of policy number FK5233606;

B. The Court temporarily and permanently restrain and enjoin each of the defendants, their agents, attorneys, and assigns from instituting or prosecuting any action,

including Case ID No. WC-2005-0748, relative to the proceeds of policy number FK5233606 or any portion thereof;

C. The Court discharge Chase Insurance Life and Annuity Company from all liability relative to policy number FK5233606 upon the appearance of all defendants; and

D. The Court award Chase Insurance Life and Annuity Company its costs, attorneys' fees, and other expenses incurred relative to this action, to be deducted from the amount to be deposited with the Court.

Timothy M. Bliss, #6228
tbliss@vetterandwhite.com
VETTER & WHITE
20 Washington Place
Providence, Rhode Island 02903
401.421.3060 (telephone)
401.272.6803 (facsimile)

Attorneys for Chase Insurance
Life and Annuity Company

Bryan D. Bolton
Peter C. Ismay
Funk & Bolton, P.A.
Twelfth Floor
36 South Charles Street
Baltimore, Maryland 21201
410.659.7700 (telephone)
410.659.7773 (facsimile)

Of Counsel for Chase Insurance
Life and Annuity Company

Dated: February 15, 2006